Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACOB PORTMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>COMMONWEALTH FINANCIAL SYSTEMS, INC.; CAPIO PARTNERS, LLC and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## LOCAL CIVIL RULE 10.1 STATEMENT

1.      The mailing addresses of the parties to this action are:

JACOB PORTMAN
44 Carter Avenue
North Middletown, New Jersey 07748

COMMONWEALTH FINANCIAL SYSTEMS, INC.
245 Main Street
Dickson, Pennsylvania 18519

CAPIO PARTNERS, LLC
2222 Texoma Parkway, Suite 150
Sherman, Texas 75090

Page **1** of **11**

## PRELIMINARY STATEMENT

2.     Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, COMMONWEALTH FINANCIAL SYSTEMS, INC. ("COMMONWEALTH FINANCIAL"); CAPIO PARTNERS, LLC ("CAPIO PARTNERS") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.     Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district and at least one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

5.     As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.     Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      COMMONWEALTH FINANCIAL maintains a location at 245 Main Street, Dickson, Pennsylvania 18519.

8.      CAPIO PARTNERS maintains a location at 2222 Texoma Parkway, Suite 150, Sherman, Texas 75090.

9.      COMMONWEALTH FINANCIAL uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

10.     COMMONWEALTH FINANCIAL is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

11.     CAPIO PARTNERS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were harmed by the Defendant's conduct in violation of the FDCPA, as described in this Complaint.

14.     This Action is properly maintained as a class action. The Class is initially defined as:

All New Jersey consumers that Defendant communicated with after receiving a communication from those New Jersey Consumers as set forth herein.

The class definition may be subsequently modified or refined.  The Class period begins one year prior to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a.  Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were harmed by the Defendant's conduct in violation of the FDCPA. Plaintiff is complaining about a standard conduct that occurred to at least fifty (50) persons.

b.  Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

i.      Whether the Defendants violated various provisions of the FDCPA;

ii.     Whether Plaintiff and the Class have been injured by the Defendants' conduct;

iii.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

iv.    Whether Plaintiff and the Class are entitled to declaratory relief.

c.  <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d.  <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14.  A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15.  A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16.  Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

<b><u>STATEMENT OF FACTS</u></b>

17.  Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.  Sometime prior to October 23, 2018, Plaintiff allegedly incurred a financial obligation to RIVERVIEW MEDICAL CENTER ("RIVERVIEW MEDICAL").

Page <b>5</b> of <b>11</b>

19.   The RIVERVIEW MEDICAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20.   Plaintiff incurred the RIVERVIEW MEDICAL obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21.   Plaintiff did not incur the RIVERVIEW MEDICAL obligation for business purposes.

22.   The RIVERVIEW MEDICAL obligation did not arise out of a transaction that was for business use.

23.   The RIVERVIEW MEDICAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.   RIVERVIEW MEDICAL is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.   At some time prior to October 23, 2018, the RIVERVIEW MEDICAL obligation was purchased by and/or sold to CAPIO PARTNERS.

26.   At the time the RIVERVIEW MEDICAL obligation was purchased by and/or sold to CAPIO PARTNERS, LLC, the obligation was in default.

27.   The principal purpose of CAPIO PARTNERS is the collection of debts which are in default at the time it purchases the debts.

28.   At some time prior to October 23, 2018, CAPIO PARTNERS referred the RIVERVIEW MEDICAL obligation to COMMONWEALTH FINANCIAL for the purpose of collections.

29.   At the time the RIVERVIEW MEDICAL obligation was referred to COMMONWEALTH FINANCIAL, the RIVERVIEW MEDICAL obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

30.  Plaintiff caused to be delivered to COMMONWEALTH FINANCIAL a letter dated September 21, 2018.

31.  The September 21, 2018 letter was sent to COMMONWEALTH FINANCIAL in connection with the collection of the RIVERVIEW MEDICAL obligation.

32.  The September 21, 2018 letter which was sent to COMMONWEALTH FINANCIAL in connection with the collection of the RIVERVIEW MEDICAL obligation stated in part:

> Please be advised that I dispute the above debt.  **I also refuse to make any payment toward it**. (emphasis added)

33.  15 U.S.C. § 1692c(c) of the FDCPA provides that:

> **If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt** or that the consumer wishes the debt collector to cease further communication with the consumer, **the debt collector shall not communicate further with the consumer with respect to such debt**, except--
>
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
>
> If such notice from the consumer is made by mail, notification shall be complete upon receipt. (emphasis added)

34.  COMMONWEALTH FINANCIAL caused to be delivered to Plaintiff a letter dated October 23, 2018, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

35.  The October 23, 2018 letter was sent to Plaintiff in connection with the collection of the RIVERVIEW MEDICAL obligation.

36. The October 23, 2018 letter was sent to Plaintiff by COMMONWEALTH FINANCIAL in response to the September 21, 2018 letter that Plaintiff sent to COMMONWEALTH FINANCIAL.

37. The October 23, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

38. Upon receipt, Plaintiff read the October 23, 2018 letter.

39. The October 23, 2018 letter stated in part that:

> Attached is an itemized statement that you requested regarding the above identified **debt that has been placed in our office for collection** by the current creditor.
>
> Please, contact me once you receive this information to discuss further.
>
> **This is an attempt to collect a debt** and any information obtained will be used for that purpose. (emphasis added)

40. The October 23, 2018 letter did not state that COMMONWEALTH FINANCIAL's further efforts were being terminated.

41. The October 23, 2018 letter did not state that COMMONWEALTH FINANCIAL or CAPIO PARTNERS may invoke specified remedies which are ordinarily invoked by COMMONWEALTH FINANCIAL or CAPIO PARTNERS.

42. The October 23, 2018 letter did not state that COMMONWEALTH FINANCIAL or CAPIO PARTNERS intends to invoke a specified remedy.

43. COMMONWEALTH FINANCIAL knew or should have known that its actions violated the FDCPA.

44. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

45.  Defendants' conduct and actions violate the FDCPA, by *inter alia*:

    (a)    Continuing to communicate with a consumer with respect to a debt after being advised by the consumer in writing that he or she refused to pay such debt;

    (b)    Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (c)    Using a false representation or deceptive means to collect or attempt to collect a debt.

46.  On information and belief, Defendant engaged in the practices described herein, for at least 50 natural persons within New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

47.  Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

48.  Defendant violated 15 U.S.C. § 1692c(c) of the FDCPA as described herein..

49.  Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

50.  Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with Plaintiff and others similarly situated.

51.  Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.As described herein, Defendant engaged in a false representation or deceptive means to collect or attempt to collect the debt.

52. CAPIO PARTNERS is vicariously liable for any violations of the FDCPA that COMMONWEALTH FINANCIAL committed as described herein. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.,* 225 F.3d 379 (3d Cir. 2000).

53. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

54. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

55. Plaintiff and others similarly situated have a right to have the Defendant abide by its obligations under the FDCPA and those specifically found at 15 U.S.C. § 1692e(8).

56. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

57. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

58. Defendant's failure to act as described herein caused harm to the credit of Plaintiff and others similarly situated.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees

and expenses; and

(g)      Awarding Plaintiff and the Class such other and further relief as the Court

may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

Dated: March 21, 2019                                      Respectfully submitted,

By:      *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court,

arbitration or administrative proceeding.

Dated: March 21, 2019

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff